People v Jones (2022 NY Slip Op 00138)





People v Jones


2022 NY Slip Op 00138


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Ind. No. 2839/13 Appeal No. 15030 Case No. 2018-1351 

[*1]The People of the State of New York, Respondent,
v
Lamont Jones, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Anastasia B. Heeger of counsel) and Kirkland & Ellis, New York (Brittney Nagle of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Denis J. Boyle, J. at suppression hearing; Lester B. Adler, J. at jury trial and sentencing), rendered May 10, 2016, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
The court properly denied defendant's motion to suppress his oral and written statements confessing to the crime. The record supports the hearing court's finding that defendant received Miranda warnings before voluntarily making the statements. "There is no basis for disturbing the court's credibility determinations, including its resolution of any alleged discrepancy between police testimony and paperwork" (People v Armstead, 163 AD3d 403, 403 [1st Dept 2018], lv denied 32 NY3d 1109 [2018]). Possible errors by detectives in recalling, approximating, or recording the times at which events relating to defendant's statement occurred do not cast any doubt on the credibility of a detective's unequivocal testimony that defendant received the warnings before making the statement.
The trial court, which properly admitted as an excited utterance the victim's statement at the scene of the crime identifying defendant as his assailant, correctly declined to charge the jury on the subject of dying declarations. "Unlike dying declarations, excited utterances do not require special instructions to the jury" (People v Corbin, 284 AD2d 408, 408 [2d Dept 2001], lv denied 96 NY2d 917 [2001]). The record fails to support defendant's assertion that the excited utterance was effectively a dying declaration. The evidence did not establish the core requirement of a dying declaration, that the dying person was "under a sense of impending death, with no hope of recovery" (People v Nieves, 67 NY2d 125, 132 [1986]), and the prosecutor made no such claim in summation.
The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). To the extent there were any improprieties, the court's curative actions were sufficient to prevent prejudice.
Because the jury convicted defendant of second-degree murder without considering the submitted lesser included offense of first-degree manslaughter, defendant's challenge to the court's refusal to charge the more remote lesser included offense of second-degree manslaughter is foreclosed (see People v McIntosh, 33 NY3d 1064 [2019]). Defendant's arguments to the contrary are unavailing.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022